UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOHN CAPANIS,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY BIANUCCI; et al.,<br><br>    Defendants.<br>_____/ | No. C 15-1457 SI (pr)<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE THE CASE** |

## INTRODUCTION

Matthew John Capanis, a pretrial detainee at the Martinez Detention Facility, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

This civil rights action challenges a jail policy that allegedly interferes with Capanis' self-representation rights in his criminal case. The complaint alleges the following:

Capanis is or was representing himself in a pending criminal case in Contra Costa County Superior Court. In his criminal case, he requested all digital evidence, i.e., "DVDs that contain pictures, recorded audio and visual testimony, etc." Docket # 1 at 3. Judge Mockler denied his request and explained that the denial was due to the Sheriff's Department's new policy that "'an inmate can only review DVD evidence with an attorney.'" *Id.* The policy was created by defendant Bianucci, a specialist CAS at the Sheriff's Department. As a result of the policy,

Capanis "was forced to seek representation and [forfeit his] pro per status in order to seek a meaningful defense." *Id.* Capanis further alleges that the superior court blames the Sheriff's Department, and defendant Bianucci blames the superior court in the inmate appeal responses. *Id.* Capanis requests damages and an order to "return new policy to former status allowing pro per inmates the availability (sic) to view digital evidence." *Id.*

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A jail inmate has no federally-protected right to watch DVDs, just as he has no federally-protected right to watch television in jail. *See generally More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993) ("Despite television's importance in modern society, appellees have no fundamental right to in-cell cable television"). If jail officials had refused to let Capanis watch general interest or popular DVDs, there would have been no deprivation of a right secured by the Constitution or laws of the United States and Capanis would have stated no claim upon which relief may be granted in federal courts. It is the fact that he wanted to look at evidence in his criminal case that gives rise to a potential claim.

The only potential federally-protected right implicated by Capanis' complaint is his Sixth Amendment right to represent himself in his criminal case, also known as the *Faretta* right.

2

*See Faretta v. California*, 422 U.S. 806, 832 (1975). Capanis' claim is that his Sixth Amendment right to represent himself was interfered with by the Sheriff's Department policy that disallowed access to DVD evidence for self-represented criminal defendants. The fact that Capanis' claim rests on a constitutional right afforded him solely as a criminal defendant requires that his action be paused at least until his criminal case finishes.

The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction unless that conviction already has been determined to be wrongful. *See id.* at 486-87. The *Heck* rule was later held to cover equitable relief also; that is, if success in the § 1983 action would necessarily demonstrate the invalidity of the confinement or its duration, the § 1983 action is barred regardless whether the relief sought is damages or equitable relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005); *cf. Skinner v. Switzer*, 562 U.S. 521, —, 131 S. Ct. 1289, 1291 (2011) (claim seeking DNA evidence does not necessarily imply invalidity of conviction because such evidence may prove incriminatory or inconclusive; *Heck* does not bar bringing such a claim under § 1983). A conviction may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See Heck*, 512 U.S. at 584-87. The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action; the conviction must have been successfully attacked *before* the civil rights action is filed. The *Heck* rule bars an action only if there is an existing conviction. *Heck* does not encompass the principle that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (emphasis in original). Nonetheless, the claim should not go forward if the plaintiff's criminal proceedings are still pending; rather, the court can "stay the civil action until the criminal case or the likelihood of a criminal case is ended." *See id.* at 394.

Here, the only cognizable claim is that defendants have interfered with Capanis' Sixth Amendment right, making him choose between self-representation without certain evidence or

3

representation by counsel if he wants access to that DVD evidence. A finding in his favor would necessitate a finding of interference with his Sixth Amendment right to represent himself. Success on his claim that his *Faretta* right was interfered with necessarily would invalidate his criminal conviction if one occurs. Capanis' claim should not go forward because his criminal proceedings are still pending; rather, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *See Wallace v. Kato*, 549 U.S. at 393-94. Accordingly, the court will stay further proceedings in this matter until Capanis' criminal proceedings have concluded.

## CONCLUSION

For the foregoing reasons, this action is STAYED. Within **thirty days** of the date on which he is acquitted, convicted, or charges are dismissed, Capanis must file a motion to lift the stay. If Capanis is convicted and if the claim would impugn that conviction, the action will be dismissed; otherwise, his claim may then proceed. In light of the stay, Capanis should not file any more documents in this action until the state court proceedings have concluded. The clerk shall ADMINISTRATIVELY CLOSE the case.

IT IS SO ORDERED.

Dated: April 28, 2015

_____
SUSAN ILLSTON
United States District Judge

4