UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOHN CAPANIS,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY BIANUCCI, et al.,<br><br>Defendants. | Case No. 15-cv-01457-SI<br><br>**ORDER LIFTING STAY AND DISMISSING ACTION**<br><br>Re: Dkt. No. 5 |

In March 2015, Matthew John Capanis filed this *pro* se civil rights action under 42 U.S.C. § 1983, claiming that a Contra Costa County jail policy that "an inmate can only review DVD evidence with an attorney" interfered with his self-representation rights. Docket No. 1 at 3. He was a pretrial detainee at the time he filed this action.

Upon initial review, the court stayed this action due to the pendency of the criminal case against Capanis. Docket No. 4. The court explained the rule from *Heck v. Humphrey*, 512 U.S. 477 (1994), i.e., if success in the § 1983 action would necessarily demonstrate the invalidity of a conviction, the § 1983 action is barred unless the conviction already been determined to be invalid. Docket No. 4 at 3. The court further explained that, when a pretrial detainee files an action that otherwise would be barred by *Heck* if he had been convicted, the court can "stay the civil action until the criminal case or the likelihood of a criminal case is ended." Docket No. 4 at 3 (quoting *Wallace v. Kato*, 549 U.S. 384, 394 (2007)). The court then applied these rules to Capanis' § 1983 action:

> Here, the only cognizable claim is that defendants have interfered with Capanis' Sixth Amendment right, making him choose between self-representation without certain evidence or representation by counsel if he wants access to that DVD evidence. A finding in his favor would necessitate a finding of interference with his Sixth Amendment right to represent himself. Success on his claim that his

> *Faretta [v. California,* 422 U.S. 806 (1975)] right was interfered with necessarily would invalidate his criminal conviction if one occurs. Capanis' claim should not go forward because his criminal proceedings are still pending; rather, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *See Wallace v. Kato*, 549 U.S. at 393-94. Accordingly, the court will stay further proceedings in this matter until Capanis' criminal proceedings have concluded.

Docket No. 4 at 3-4.

Capanis has filed a motion to lift the stay. Docket No. 5. He reports that he has been convicted in state court, and now would like to go forward with this action.

Capanis is half-right: the stay can be lifted but he cannot go forward with this action. Instead, his conviction requires that this action be dismissed. *Wallace v. Kato* explained that a stay is appropriate while a criminal case is pending, and also explained what happens at the conclusion of that criminal case: "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace v. Kato*, 549 U.S. at 394. Here, the *Heck* rule applies for the reasons stated in the order staying the case. *See* Docket No. 4. A stay was appropriate while Capanis' criminal case was pending, but now that a conviction has occurred, the *Heck* rule requires that this action be dismissed. Capanis must have his conviction overturned (e.g., on direct appeal, or in state or federal habeas proceedings) before he may file a § 1983 action asserting his claim that the defendants interfered with his Sixth Amendment rights.

For the foregoing reasons, Capanis' motion to lift the stay is GRANTED. Docket No. 5. The stay is now lifted. However, the *Heck* rule bars Capanis' § 1983 claim because success on the claim would call into question the validity of his state court judgment of conviction, and that conviction has not yet been set aside. The action must be dismissed.

If Capanis wants to challenge the lawfulness of his current custody, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Such a petition should not be filed until he first exhausts state judicial remedies as to any claim he wishes to present in a federal petition for writ of habeas corpus.

2

For the foregoing reasons, this action is DISMISSED. The dismissal is without prejudice to Capanis filing a new § 1983 action for damages if his state court conviction is overturned or set aside. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: May 18, 2017

SUSAN ILLSTON
United States District Judge